```
IN THE UNITED STATES DISTRICT COURT
    DISTRICT OF SOUTH CAROLINA
         COLUMBIA DIVISION
```

| | | |
|---|---|---|
| Joe Hand Promotions, Inc. | ) | C/A No. 0:11-cv-02438 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Double Down Entertainment, LLC | ) | |
| d/b/a Hoopers Bar & Grill, | ) | |
| Binh D. Thai, Kenneth J Kobulinsky, | ) | |
| and Angela Ruiz, | ) | |
| Defendants. | ) | |
| _____ | ) | |

On September 9, 2011, Joe Hand Promotions, Inc., ("Plaintiff") filed an action in this court against Double Down Entertainment, LLC, d/b/a Hoopers Bar & Grill ("Double Down"), Binh D. Thai, Kenneth J. Kobulinsky, and Angel Ruiz (collectively "Defendants"). ECF No. 1. Plaintiff has asserted claims under the Communications Act, 47 U.S.C. § 605, and the Cable Communications Policy Act, 47 U.S.C. § 553, as well as a state law claim for conversion. *Id.* Defendants did not file an answer or otherwise respond to Plaintiff's complaint. On October 31, 2011, in response to Plaintiff's request, the clerk entered default against Defendants. ECF No. 15 & 17. Plaintiff filed a motion for default judgment on November 17, 2011. ECF No 18. On December 7, 2011, Defendants filed a motion to set aside the default judgment, which the court granted on March 23, 2012. ECF No. 20 & 23.

On March 26, 2012, Defendants filed an answer and counterclaim, alleging a violation of the South Carolina Unfair and Deceptive Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10, et seq. ECF No. 24. Plaintiff filed a motion to dismiss on April 9, 2012. ECF No. 26. Defendants responded to Plaintiff's motion to dismiss on April 23, 2012, and Plaintiff replied on

April 30, 2012. ECF No. 27 & 29. While Plaintiff's motion to dismiss was pending, on September 6, 2012, Defendants filed a motion for protective order as to discovery and to stay scheduling order deadlines. ECF No. 34. On September 10, 2012, Plaintiff consented to those motions. ECF No. 36.

This matter is before the court on Plaintiff's motion to dismiss Defendants' counterclaim.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The following facts are alleged in Plaintiff's complaint. Double Down is a limited liability company doing business as Hoopers Bar & Grill in Rock Hill, South Carolina. ECF No. 1 at 2. Defendants Angel Ruiz, Kenneth J. Kobulinsky, and Binh D. Thai are members, principals, alter egos, managers, agents, and/or representatives of Double Down. *Id.* Plaintiff is a Pennsylvania corporation engaged in the commercial distribution of televised sporting events. *Id.* at 3. Plaintiff purchased the exclusive television distribution rights to "Ultimate Fighting Championship 103: Rich Franklin v. Vitor Belfort" (the "Program"), which fight took place on September 19, 2009. *Id.* Plaintiff entered into sublicensing agreements with various entities throughout North America, through which it granted those entities the right to publicly exhibit the Program to their customers within their commercial establishments (e.g., hotels, racetracks, casinos, bars, taverns, restaurants, and social clubs). *Id.* at 3. Defendants exhibited the Program without authorization but with full knowledge that the Program was not to be intercepted, publicized, or exhibited without the appropriate license. *Id.* Defendants Thai, Kobulinsky, and Ruiz controlled/authorized the misconduct to advance their financial interests. *Id.*

According to Defendants' counterclaim, Plaintiff has violated SCUTPA, S.C. Ann. Code §§ 39–5–10, et seq., by filing the instant lawsuit against not only Double Down, but against the

individually-named Defendants, without a factual basis to support the allegation that those individuals were involved in the alleged misconduct.  In this regard, Defendants assert that "Plaintiff is without any legal or equitable basis to include the individual defendants in this lawsuit or to pierce the corporate shell of the corporate defendant." ECF No. 24 at 6.  Defendants allege that Plaintiff's filing of a factually unsupported claim constitutes an unfair trade practice prohibited by SCUTPA.

## II. DISCUSSION

Plaintiff moves to dismiss Defendants' counterclaim pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE, for failure to state a claim upon which relief may be granted.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.  Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*  When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

SCUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S.C. Code Ann. § 39-5-20(a). In order to recover under SCUTPA, a plaintiff must establish that: (1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest. *See Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998).

The first nine paragraphs of Defendants' counterclaim provide a recitation of the law under SCUTPA. In the tenth paragraph, Defendants allege that Plaintiff has violated the Act by filing the instant lawsuit without a factual basis for believing that the individually-named Defendants were personally involved in the misconduct Plaintiff alleges. In Defendants' brief in opposition to Plaintiff's motion to dismiss, Defendants offer an explanation as to why individual liability is inappropriate in this case. Assuming Defendants are correct that individual liability should not attach, Defendants may have stated grounds for a motion to dismiss; however, they have not stated grounds for a counterclaim. Although Defendants cite authority for the proposition that debt collection activities are covered by SCUTPA, Defendants offer no legal authority, nor does the court find any, to support the proposition that merely filing a meritless lawsuit as to the individual Defendants gives rise to a cause of action under SCUTPA. The court concludes that Defendants' counterclaim fails to state a claim upon which relief can be granted.

## III.  CONCLUSION

Accordingly, the court grants Plaintiff's motion to dismiss Defendants' counterclaim. ECF. No 26.  With regard to Defendants' motion for protective order as to discovery, ECF No. 34, that motion is denied as moot.  As to Defendants' motion to stay scheduling order deadlines, the parties are directed to submit an amended scheduling order within fifteen days of the filing of this order.

**IT IS ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

Columbia, South Carolina
October 3, 2012