IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | ) | C/A No. 0:11-cv-02438 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Double Down Entertainment, LLC | ) | |
| d/b/a Hoopers Bar & Grill, | ) | |
| Binh D. Thai, Kenneth J Kobulinsky, | ) | |
| and Angela Ruiz, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On September 9, 2011, Joe Hand Promotions, Inc. ("Plaintiff") filed an action in this court against Double Down Entertainment, LLC, d/b/a Hoopers Bar & Grill ("Double Down"); Binh D. Thai; Kenneth J. Kobulinsky; and Angel Ruiz (collectively "Defendants"). ECF No. 1. Plaintiff has asserted claims under the Communications Act, 47 U.S.C. § 605, and the Cable Communications Policy Act, 47 U.S.C. § 553, as well as a state law claim for conversion. *Id.* On March 26, 2012, Defendants filed an answer and counterclaim, alleging a violation of the South Carolina Unfair and Deceptive Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10, et seq. ECF No. 24. In an order entered on October 3, 2012 (the "October order"), the court granted Plaintiff's motion to dismiss Defendants' counterclaim. ECF No. 38. On October 15, 2012, Defendants filed a motion for reconsideration, ECF No. 41, to which Plaintiff responded on November 1, 2012. ECF No. 4. On November 8, 2012, Plaintiff filed a motion for sanctions, ECF No. 45, and Defendants responded on November 20, 2012. ECF No. 47. This matter is before the court on Defendants' motion for reconsideration and Plaintiff's motion for sanctions.

## I.  STATEMENT OF THE CASE

A detailed recitation of this matter's relevant factual and procedural background can be found in the October order.  ECF No. 38.  Summarily, this case involves Plaintiff's claim that Defendants violated its exclusive television distribution rights to the "Ultimate Fighting Championship 103: Rich Franklin v. Vitor Belfort," when they exhibited the September 19, 2009 fight without Plaintiff's authorization.  ECF No. 1 at 2.  Defendants' counterclaim asserted that Plaintiff violated SCUTPA by filing the instant lawsuit against not only Double Down, but against the individually-named Defendants, without a factual basis to support the allegation that those individuals were involved in the alleged conduct.  ECF No. 24.  In the October order, the court observed that Defendants had offered no legal authority to support their position that merely filing an allegedly meritless lawsuit as to the individual Defendants gives rise to a cause of action under SCUTPA.  Instead, Defendants cited cases involving the question of whether debt collection activities can amount to unfair trade practices under SCUTPA.  Accordingly, the court concluded that Defendants' counterclaim failed to state a claim upon which relief can be granted.

## II.  DISCUSSION

**A.**  *Motion for Reconsideration*

Defendants filed a motion for reconsideration pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e).  Because the October order was an interlocutory order, the court will construe the motion as brought pursuant to FED. R. CIV. P. 54(b) (providing that any order or decision that

does not end the action as to all of the claims or parties "may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities").

The Fourth Circuit has offered little guidance on the standard for evaluating a FED. R. CIV. P. 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Such a distinction arises "because a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Id.* at 514–15. In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54(b) motion, look to the standard for a motion under FED. R. CIV. P. 59 for guidance. *See U.S. Home Corp. v. Settlers Crossing, L.L.C.*, C/A No. DKC 08–1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); *R.E. Goodson Constr. Co. v. Int'l Paper Co.*, C/A No. 4:02–4184–RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, the following are appropriate reasons for granting a Rule 54(b) motion: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM–08–409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514). Furthermore, a motion for reconsideration is not an opportunity to rehash issues already ruled upon because a litigant is displeased with the

3

result.  *R.E. Goodson*, 2006 WL 1677136, at *1 (citing *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001)).

Defendants do not specifically articulate what they believe to be the error in the court's October order, nor is it evident from the cases they provide.  At the outset, Defendants cite *Vaughn v. Kalyvas*, 342 S.E.2d 617 (S.C. Ct. App. 1986), in which the court recognized that SCUTPA applies to cases involving unfair lending and debt collection activities.  It seems that Defendants view Plaintiff's allegedly meritless lawsuit as analogous to an unfair debt collection practice.  Because Defendants do not explain, nor can the court rationalize, why this case should be viewed in that manner, *Kalyvas* is inapposite.  After *Kalyvas*, Defendants cite no other cases from South Carolina but instead cite numerous cases from other jurisdictions.  These cases are neither controlling, nor persuasive authority for the position that Plaintiff's act of filing an allegedly meritless claim against the individual Defendants amounts to a trade practice in violation of SCUTPA.  Unaware of a single authority that undermines the court's basis for dismissing Defendants' counterclaim, the court finds no reason to revise the October order.

Accordingly, Defendants' motion for reconsideration is denied.

**2.  *Motion for Sanctions***

Plaintiff filed a motion for sanctions pursuant to Local Rule 7.09, D.S.C., and 28 U.S.C. § 1927, based on its contention that Plaintiff's motion for reconsideration is "frivolous and wholly unsupportable."  ECF No. 45.

According to Local Rule 7.09, "[w]here the Court finds that a motion is frivolous or filed for delay, sanctions may be imposed against the party or counsel filing such motion."  Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and

4

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Fourth Circuit has held that "[b]ad faith on the part of the attorney is a precondition to imposing fees under § 1927." *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 n.14 (4th Cir. 1999); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). The filing of only one document is typically not held to have multiplied the proceedings unreasonably and vexatiously in violation of § 1927. *In re Gould*, 77 F. App'x. 155, 163 (4th Cir. 2003); *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999). Whether or not to impose § 1927 sanctions is a decision left to the discretion of the district court. *See La Rouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1140 (4th Cir. 1986) ("Whether to impose such sanctions can best be decided by the district court, which has first hand knowledge of counsel's conduct in the course of the action.").

Defendants request that the court reconsider the October order but are unable to identify any controlling authority that stands for the proposition that the filing of an allegedly meritless lawsuit can give rise to a violation of SCUTPA. Although it is difficult to comprehend how Defendants judged that they had a basis on which to file their motion, Defendants appear to believe that the court's determination in the October order, that they had offered no legal authority to support their position, "invited" them to provide the court with additional legal authority by way of a motion for reconsideration. ECF No. 47 at 2 & 4. Defendants misconstrue the October order. Even though Defendants' decision to file a motion for reconsideration was misguided, the court does not find that the filing of only one motion, albeit one that is unquestionably meritless, evidences that Defendants have acted in bad faith or warrants a finding

5

that Defendants unreasonably multiplied the proceedings. Accordingly, sanctions are not warranted at this stage.

## III.  CONCLUSION

For the reasons above, the court denies Defendants' motion for reconsideration, ECF No. 41, and denies Plaintiff's motion for sanctions. ECF No. 45.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
December 13, 2012