IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | ) | C/A No. 0:11-cv-02438-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Double Down Entertainment, LLC | ) | |
| d/b/a Hoopers Bar & Grill, | ) | |
| Binh D. Thai, Kenneth J Kobulinsky, | ) | |
| and Angel Ruiz, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 13, 2014, the court issued an order and opinion granting summary judgment in favor of Joe Hand Promotions, Inc. ("Plaintiff") on its statutory 47 U.S.C. § 553 claim and state law conversion claim against Defendant Double Down Entertainment, LLC, d/b/a Hoopers Bar & Grill ("Defendant Double Down"); Binh D. Thai; Kenneth J. Kobulinsky; and Angel Ruiz (collectively "the individual Defendants"). ECF No. 75. In its order and opinion, the court directed Plaintiff to elect to receive either (1) statutory damages in the amount of $3,300.00 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and enhanced statutory damages in the amount of $100.00 pursuant to 47 U.S.C. § 553(c)(3)(B) or (2) actual damages in the amount of $1,100.00 on Plaintiff's conversion claim. *Id.* at 18. The court also ordered Plaintiff to submit documentation of its attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C).

**I.     Election of Remedies**

On March 28, 2014, Plaintiff filed a declaration including an attached document entitled "Election of Remedies." *See* ECF No. 77-1. In this document, Plaintiff indicates that it elects to recover statutory damages in the amount of $3,300.00 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and

enhanced statutory damages in the amount of $100.00 pursuant to 47 U.S.C. § 553(c)(3)(B). *Id.* Pursuant to this election, the court awards Plaintiff $3,400.00 in statutory damages under 47 U.S.C. § 553.

**II.     Attorneys' Fees and Costs**

Also on March 28, 2014, Plaintiff filed a motion for attorneys' fees and costs. ECF No. 78. In this motion, Plaintiff requests attorneys' fees and costs in the aggregate amount of $11,285.00. *Id.* This aggregate amount is itemized in Plaintiff's motion as follows:

| | |
|---|---|
| Law Offices of Thomas P. Riley, P.C. | $6,375.00 |
| Berry, Quackenbush & Stuart, P.A. | $4,910.00 |
| TOTAL | $11,285.00 |

*Id.* Plaintiff provides further documentation detailing the $6,375.00[1] in fees and costs requested by the Law Offices of Thomas P. Riley, P.C. as well as the $4,910.00 in fees and costs requested by Berry, Quackenbush & Stuart, P.A. *See* ECF Nos. 77, 78-1. Defendants have not filed a response in opposition to Plaintiff's motion for attorneys' fees. Nevertheless, the court must still consider the reasonableness of Plaintiff's requested fees and costs.

The court's March 13, 2014 order and opinion determined that an award of costs and reasonable attorneys' fees pursuant to 47 U.S.C. § 553(c)(2)(C) is appropriate in this action to promote deterrence. *See* ECF No. 75 at 15. In determining what constitutes a reasonable number of hours and the appropriate hourly rates, the court must consider the following factors: (1) the time

---

[1] Based on the itemized figures provided by Plaintiff, the court notes that the total amount of fees and costs sought by Plaintiff as to the Law Offices of Thomas P. Riley, P.C. is $6,335.00 as opposed to the $6,375.00 listed. However, the $6,335.00 amount is properly detailed in Plaintiff's declaration attached to its motion. The court will rely on this $6,335.00 amount going forward, as it is supported by documentation. The court notes that this change reduces the total aggregate amount of fees and costs requested by Plaintiff from $11,285.00 to $11,245.00.

and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney fees awarded in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all factors may affect the fee in a given case. *Reaves v. Marion Cnty.*, CA 4:08-1818-TLW-SVH, 2011 WL 1285739, at *2 (D.S.C. Feb. 16, 2011). "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Servo News Co.,* 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

With these factors in mind, the court must consider the two declarations detailing the attorneys' fees requested by Plaintiff. The declaration of Leonard Jordan ("Mr. Jordan"), counsel of record in this matter, indicates that Mr. Jordan has practiced law in South Carolina for over 38 years. ECF No. 77 at 1. The declaration further indicates that Mr. Jordan expended approximately 22.10 hours representing Plaintiff in this matter, and his services are routinely billed at $200.00 per hour. *Id.* Mr. Jordan provides an itemized description of his work in this matter within his

declaration. *Id.* at 3-5.  Based on these figures, Mr. Jordan requests $4,370.00 in attorney's fees. *Id.* at 4.  Mr. Jordan also seeks litigation costs of $540.00, including a $350.00 filing fee as well as a $190.00 fee for service of process. *Id.*

The court finds that the information provided by Mr. Jordan, coupled with the court's knowledge of rates in work of this type in this district, supports the attorney's fees and costs submitted on behalf of Mr. Jordan.  *See J & J Sports Prods., Inc. v. Brazilian Paradise, LLC*, 789 F. Supp. 2d 669, 681 (D.S.C. 2011) (finding that, in a similar case under 47 U.S.C. § 605, the information provided by local counsel coupled with the court's knowledge of rates in work of this type in this district supported a $200.00 hourly rate); *Joe Hand Promotions, Inc. v. Scott's End Zone, Inc.*, 759 F. Supp. 2d 742, 751 (D.S.C. 2010) (awarding the requested fees for service of process and appropriate investigative fees under 47 U.S.C. § 605).  As such, the court awards $4,370.00 in attorney's fees and $540.00 in costs, totaling $4,910.00, as to Mr. Jordan.

The second declaration provided by Plaintiff details attorneys' fees and costs submitted by Thomas P. Riley, an California attorney who is not an attorney of record in the case.  Mr. Riley's declaration requests fees for 22.8 hours of work performed by the following four professionals in his office: (1) Mr. Riley himself; (2) a research attorney; (3) a paralegal; and (4) an administrative assistant.  *See* ECF No. 78-1 at 4-5.  The specific hourly rates for each of these professionals are detailed in the declaration as follows:

|  | **Hourly Rate** | **Amount of Time** | **Total Amount** |
| --- | --- | --- | --- |
| Thomas P. Riley | $400.00 | 1.050 hours | $420.00 |
| Research Attorney | $375.00 | 16.00 hours | $4,800.00 |
| Paralegal | $100.00 | 3.350 hours | $335.00 |
| Admin. Assistant | $75.00 | 2.400 hours | $180.00 |

4

*See id.* The declaration further provides itemized details of the type of work performed by each professional as well as the amount of time expended on each item. *See id.*

In support of the rates listed above, the declaration asserts that Mr. Riley's firm has handled "thousands of commercial signal piracy files over the last decade" and their "rates for legal, administrative and paralegal time are well within the guidelines of the prevailing market rates within Los Angeles County and the United States." *Id.* at 2. To support this contention, the declaration sites to the "Laffey Matrix," a matrix of average hourly rates commensurate with years of experience that "has been adopted by the Northern District of California as a source of attorney's fees compensation." *Joe Hand Promotions, Inc. v. Todd*, 4:11-CV-2021-TLW-TER, 2012 WL 2178851, at *5 (D.S.C. Mar. 12, 2012), *report and recommendation adopted*, 4:11-CV-2021-TLW-TER, 2012 WL 2178822 (D.S.C. June 13, 2012) (citing *IO Group, Inc. v. Jordan*, 2010 WL 2231793 (N.D.Cal. June 1, 2010)). Beyond the Laffey Matrix, the declaration provides no further information to support the requested hourly rates.

In establishing an appropriate hourly rate, the reasonableness requirement "is met by compensating attorneys at the 'prevailing market rates in the relevant community.'" *Rum Creek Coal Sales, Inc*, 31 F.3d at 175. "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Id.* The Laffey Matrix provided with Mr. Riley's declaration is not representative of rates for work in this district. *See Scott's End Zone, Inc.*, 759 F. Supp. 2d at 754 (finding that the Laffey Matrix "could not satisfy the requirement that one seeking attorneys' fees must establish those fees to be comparable to customary fees for like work in the relevant market of South Carolina or the reasonableness of the rates requested"). However, the court recognizes that "where it is reasonable to retain attorneys from

other communities . . . the rates in those communities may also be considered." *Rum Creek Coal Sales, Inc.,* 31 F.3d at 175.

Upon considering the relevant factors, including the novelty and difficulty of the work, the level of skilled required to perform the legal service properly, the nature and length of the professional relationship with the client, awards in similar cases, and the customary fee in similar cases, the court finds that the hourly rates sought by Mr. Riley of $400.00 for himself and $375.00 for his research attorney are not reasonable in this instance. *See Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (finding that the Laffey Matrix was insufficient to carry the plaintiff's burden of proof where the plaintiff "offered no specific evidence that the hourly rates sought for his attorneys coincided with the then prevailing market rates of attorneys in the [district in which the action was filed] of similar skill and for similar work, which [Fourth Circuit] case law required him to do"). Instead, the court draws on its own knowledge of litigation rates charged in this district in similar proceedings to determine a reasonable hourly fee. *See Joe Hand Promotions, Inc. v. Precint Bar-DAXLAM, Ltd.*, 3:10-CV-00199-CMC, 2010 WL 3420189, at *4 (D.S.C. Aug. 23, 2010) (recognizing that the court's own knowledge of rates charged for similar work in a similar geographic area is sufficient to determine the reasonableness of a requested fee). In so doing, the court finds that an hourly rate of $200.00 is a reasonable rate for both Mr. Riley and his research attorney.[2] *See Joe Hand Promotions, Inc. v. SST Enterprises LLC*, CA 4:11-1624-TLW-KDW, 2012 WL 2178820 (D.S.C. Apr. 3, 2012), *report and recommendation adopted*, 4:11-CV-1624-TLW-

---

[2]The court further notes that Mr. Riley's declaration provides no information detailing the tenure and experience of the listed research attorney. As such, the court could not determine a reasonable fee for the research attorney using the Laffey Matrix even if the court were to rely on the Laffey Matrix.

KDW, 2012 WL 2178708 (D.S.C. June 13, 2012) (rejecting a proposed $400.00 hourly rate and determining that an hourly rate of $200.00 was reasonable in a similar case under the Cable Act).

Pursuant to this finding and using the hourly rate of $200.00, the court will reduce the attorney's fee award for Mr. Riley from the requested $420.00 to $210.00. The court will also reduce the attorney's fees award for the listed research attorney from the requested $4,800.00 to $3,200.00. However, the court finds that the $100.00 hourly fee requested for the listed paralegal as well as the $75.00 hourly fee requested for the listed administrative assistant are reasonable in this instance and will be awarded as requested. *See id.* at *8 n.1 (finding that administrative time may be included in a fee award under 47 U.S.C. § 605); *J & J Sports Prods., Inc. v. Segura*, 3:12-CV-03241-CMC, 2013 WL 1194844 (D.S.C. Mar. 22, 2013) (finding an hourly fee of $95.00 to be a reasonable fee for a paralegal in a similar case under the Cable Act). Further, the court finds that the investigate costs totaling $600.00 requested by Mr. Riley are properly supported by documentation and will be awarded as requested.

Based on the foregoing, the court determines that the following award of attorneys' fees and costs is reasonable in this action:

| | |
|---|---|
| Law Offices of Thomas P. Riley, P.C. | $4,525.00 |
| Berry, Quackenbush & Stuart, P.A. | <u>$4,910.00</u> |
| TOTAL | $9,435.00 |

As such, the court grants in part Plaintiff's motion for attorneys fees, ECF No. 78, and awards attorneys' fees and costs in the amount of $9,435.00. The court denies in part Plaintiff's motion for attorneys' fees to the extent such motion requests attorneys' fees or costs beyond $9,435.00.

**III.    Conclusion**

Based on the foregoing, the court awards Plaintiff $3,400.00 in statutory damages under 47 U.S.C. § 553 and $9,435.00 in attorneys' fees and costs. The court directs entry of judgment against Defendants in the total amount of $12,835.00, representing all damages, costs and attorneys' fees.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 2, 2014